CANADY, C.J.,
dissenting.
On August 16, 2005, petitioner George Murray Hudson was voluntarily placed on the inactive list of The Florida Bar for incapacity unrelated to misconduct. At that time, Hudson was under a three-year term of probation for a prior disciplinary offense. Because the record shows that Hudson committed acts constituting disqualifying conduct, contradicts the referee’s finding that Hudson “has not been financially irresponsible during his inactive period,” and does not contain clear and convincing evidence that Hudson has been rehabilitated, I would disapprove the referee’s recommendation and dismiss Hudson’s petition for reinstatement.
“A petitioner seeking reinstatement to The Florida Bar must establish by clear and convincing evidence that he has met the criteria set forth in Rule Regulating the Florida Bar 3-7.10, Reinstatement and Readmission Procedures,’ and the decisions of this Court.” Fla. Bar re McGraw, 903 So.2d 905, 909 (Fla.2005). “In determining the fitness of the petitioner to resume the practice of law, the referee shall consider whether the petitioner has engaged in any disqualifying conduct, the character and fitness of the petitioner, and whether the petitioner has been rehabilitated .... ” R. Regulating Fla. Bar 3-7.10(f). “A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of a petitioner may constitute a basis for denial of reinstatement.” R. Regulating Fla. Bar 3 — 7.10(f)(1). The rule specifically provides that “unlawful conduct” and “financial irresponsibility” constitute disqualifying conduct. R. Regulating Fla. Bar 3-7.10(f)(l)(A), (G).
At the hearing before the referee, Hudson admitted that he did not file income tax returns for the years 2007 and 2008 until early 2010, when he filed the returns “in conjunction with the filing of [his] petition” for reinstatement. Hudson further admitted that he knew he had an obligation to file his tax returns each year and that he failed to timely file the returns because he “knew [he] did not have the money to pay” what he owed to the federal government. Hudson did not offer an explanation of why he did not seek a filing extension or a payment plan at the time the taxes became due. Hudson also did not assert that he was exempt from filing a tax return during the relevant years.
Hudson’s willful failure to file income tax returns for the years 2007 and 2008 is affirmative evidence of both unlawful conduct and financial irresponsibility. Willful failure to file a tax return is a misdemean- or offense, see 26 U.S.C.A. § 7203 (2011), and the comment to Rule Regulating the *216 Florida Bar 4-8.4 expressly notes that the “willful failure to file an income tax return” is “illegal conduct [that] reflects] adversely on fitness to practice law.” Contrary to the referee’s determination, Hudson’s willful disregard of his obligation to file income tax returns is disqualifying conduct. This flouting of the federal income tax law is serious misconduct which should preclude Hudson’s reinstatement until he has demonstrated rehabilitation.
Hudson’s disregard of his obligation to file his tax returns is part of a pattern of misconduct. In June 2005, this Court imposed upon Hudson a three-year period of probation for misconduct. In June 2008, he was found guilty of minor misconduct and served jail time for an incident of “road rage” that occurred in April 2006. Hudson thus was subject to discipline just prior to voluntarily accepting inactive status and then continued to engage in a pattern of misconduct — some of which rises to the level of criminal behavior — once being declared inactive. In addition to denying reinstatement at this time, I would impose the condition that Hudson not again petition for reinstatement for at least three years from the date of this Court’s decision.
The Florida Bar has correctly sought to prevent the reinstatement of this lawyer, who has demonstrated contempt for the law. It does damage to the credibility of The Florida Bar to reinstate a lawyer who has so recently flouted the federal income tax law and has otherwise shown a disregard for the requirements of the law. I therefore dissent.
LEWIS and POLSTON, JJ„ concur.